UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
MICHAEL A. CORTES, individually and on behalf of :
all other similarly situated employees, :
:
Plaintiff, : ORDER
: 11-CV-3062 (SJ)
-against- :
:
ASTORIA NY HOLDINGS LLC, et al., :
:
Defendants. :
------------------------------------------------------------------- x

GOLD, STEVEN M., U.S.M.J.:

Plaintiff Michael Cortes brings this action on behalf of himself and all similarly situated employees of defendants, seeking unpaid wages allegedly owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York State Labor Law. With respect to his FLSA claim, plaintiff alleges that defendants, who jointly operate parking and shuttle services and a rental car business at Kennedy and LaGuardia airports, regularly failed to pay plaintiff overtime wages. Cortes Aff. ¶ 4, Docket Entry 16. Defendants have failed to answer or otherwise respond to the complaint, despite the fact that answers were due in July, 2011.[1]

Plaintiff moves for an order (1) conditionally certifying this action as a collective action on behalf of all persons employed by defendants who worked as a counter attendant, parking attendant and/or shuttle driver since February 27, 2008, (2) authorizing an "opt-in" notice of this action to all employees within the class, and approval of a proposed notice, and (3) compelling production by the defendants of relevant information identifying individuals within the proposed

---

[1] Plaintiff has not yet moved for entry of default against the defendants. Plaintiff served all the defendants, with the exception of SF-JFK Holdings LLC, on July 8, 2011 by serving copies of the summons and complaint upon a John Smith, an individual who refused to provide his name, at 84-15 Astoria Blvd., East Elmhurst, New York, and by mailing copies to the individuals at the same address. Docket Entries 3-7.

class.[2]  Docket Entries 14, 22.  As defendants have defaulted, no opposition to the motion has been filed.

*216(b) Certification*

Section 216(b) of FLSA provides that "one or more employees" may move to have their case certified as a collective action "for and in behalf of . . . themselves and other employees similarly situated."  *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003).  Upon granting conditional certification, the court may authorize a FLSA plaintiff to provide written notice to potential plaintiffs of their right to join in the action.  *Id.* at 104.  After receiving the written notice, employees who seek to join the collective action "must 'opt in' and consent in writing."  *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006).  *See also* 29 U.S.C. § 216(b).  "[O]nly potential plaintiffs who 'opt-in' can be 'bound by the judgment' or 'benefit from it.'"  *Gjurovich*, 282 F. Supp. 2d at 104.

Courts have broad discretion over whether to grant certification, what discovery to allow, and what form of notice to provide.[3]  *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008).  Certification of a collective action "is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated," and "merely provides an opportunity for potential plaintiffs to join."  *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 81-82 (E.D.N.Y. 2008); *Gjurovich,* 282 F. Supp. 2d at 104).  "After discovery, . . . the court examines with a greater degree of scrutiny whether the members of the plaintiff class – including those who have opted in – are similarly situated."  *Laroque v.*

---

[2] In his complaint, plaintiff included car washers as other employees also similarly situated but appears to have abandoned an inclusion of them as similarly situated.  *See*, *e.g.*, Compl. ¶ 21; Pl. Mem. 2, Docket Entry 22.
[3] It is well settled that a magistrate judge has authority to decide a motion for certification of a collective action. *See*, *e.g.*, *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010); *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *8 (E.D.N.Y. Apr. 9, 2010).

*Domino's Pizza, LLC*, 2008 WL 2303493, at *4 (E.D.N.Y. May 30, 2008) (*citing Jacobs v. New York Foundling Hospital*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007)).

To proceed with a collective action, "[t]he named plaintiff must . . . show that he is similarly situated to the prospective plaintiffs who would benefit from notice of the right to join." *Bowens*, 546 F. Supp. 2d at 81. Although neither FLSA nor its implementing regulations define the term "similarly situated," courts in this Circuit "have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Morales*, 2006 WL 278154, at *2; *see also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("Generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). To determine whether this minimal burden has been met, courts consider the "'(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" *Laroque*, 2008 WL 2303493, at *5 (*quoting Guzman v. VLM, Inc.*, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)). "Courts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Sobczak v. AWL Industries, Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (internal quotation marks omitted).

In support of his motion, plaintiff Cortes has submitted an affidavit stating that he was employed at both Kennedy and LaGuardia airports as a parking attendant, counter attendant and shuttle driver, and in each position was compensated for his overtime hours at his regular rate of

pay. Cortes Aff. ¶¶ 5-8, Docket Entry 16. He further states that he is "aware of various other similarly situated employees who were subjected to the same companywide unfair wage practice, specifically, these employees were not paid an overtime premium for work performed in excess of 40 hours. . . ." *Id*. ¶ 12. In addition, four individuals have submitted affidavits opting into the action and stating, like Cortes, that they and other employees held various positions and were not compensated for their overtime work in any of them. *See* Casimir Aff. ¶¶ 2, 6-8; Sonnee-Myricks Aff. ¶¶ 2, 5-7, 9; Martinez Aff. ¶¶ 2, 5-7; Crespo Aff. ¶¶ 2, 5-7, Docket Entries 17-20. Plaintiff has thus presented evidence, in the form of his own affidavit and affidavits of other employees, indicating that they and others, working as counter and parking attendants and shuttle drivers, did not receive the wages to which they were entitled by law.

As stated above, plaintiff's burden is minimal, and courts have authorized collective actions under circumstances comparable to those presented here. *Compare Bowens*, 546 F. Supp. 2d at 82 (certifying a collective action where plaintiff submitted a declaration confirming that other workers were not paid) *and Sobczak*, 540 F. Supp. 2d at 362-63, *with Morales*, 2006 WL 278154, at *3 (denying certification because "plaintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value").

The only question arguably raised by plaintiff's motion is whether employees holding positions as counter attendants, parking attendants and shuttle drivers are similarly situated to a sufficient extent to warrant joining them all in a single collective action. The affidavits submitted in support of the motion indicate that any given employee is likely to have worked in two or more of these three positions, and to have been denied overtime wages in violation of FLSA in each of them. Under these circumstances, a single collective action including each of the enumerated positions is appropriate. *See Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.

2d 317, 322 (S.D.N.Y. 2007) (approving a collective action that included waiters, bartenders, runners and bussers and holding that "certification is appropriate . . . where all putative class members are employees of the same . . . enterprise and allege the same types of FLSA violations").[4] I therefore conclude that plaintiff's allegations are sufficient to warrant certification of this matter as a collective action.

In his proposed notice, plaintiff describes the collective action as including "[a]ll current and former employees of U-Save Car & Truck Rental LGA and U-Save Car & Truck Rental JFK at any time since February 27, 2008 . . . employed as a counter attendant, parking attendant and/or shuttle driver." Docket Entry 21. Plaintiff provides no basis for the date he chose. The FLSA provides for a two-year statute of limitations generally, with an additional one-year extension for willful violations. 29 U.S.C. § 255(a). In a FLSA collective action, the statute of limitations runs for each plaintiff until he files written consent with the court to join the lawsuit. *Id*. § 256(b). Thus, I find that the date should be October 17, 2008, three years from the date plaintiff filed his motion for certification, unless plaintiff can articulate a persuasive basis for the earlier date.

*Notice*

Plaintiff has submitted a proposed notice for approval by the court, to be posted at defendants' Kennedy and LaGuardia airport locations. Docket Entries 21; Pl. Mem. 5. I have some concerns about the notice, including but not limited to the time period covered by the collective action. The court will hold a telephone conference at **2:00 p.m. on November 9, 2011**

---

[4] Although the majority of the allegations concern the U-Save Car and Truck Rental at Kennedy airport, *see* Casimir Aff. ¶ 5, Martinez Aff. ¶ 5, Crespo Aff. ¶ 5, I accept plaintiff's allegations in the complaint as true for certification purposes that defendants together are an enterprise under FLSA, Compl. ¶¶ 7-8, 13-16. *See Fasanelli*, 516 F. Supp. 2d at 322. Moreover, in his affidavit, plaintiff Cortez states that he worked initially at the LaGuardia location and then at the Kennedy location. Cortes Aff. ¶ 3. This is sufficient at this stage to certify a collective action involving both locations. *See Guan Ming Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 176 (S.D.N.Y. 2011) (noting that plaintiff's submissions established only that delivery persons at three of defendants' restaurants had "off-the-clock" claims but approving notice of the claim to all employees of defendants' various restaurants).

to review the form of the notice with counsel and how he intends to notify potentially similarly situated employees of this action. Plaintiff's counsel shall call Chambers promptly at the scheduled time. I am attaching to this Order a § 216(b) notice I approved in another case that addresses some of my concerns. Plaintiff may submit a proposed revised notice no later than November 7, 2011.[5]

*Discovery*

Finally, plaintiff seeks an order compelling discovery of the names and contact information of individuals within the collective action definition. Courts routinely order such discovery in FLSA actions. *See*, *e.g.*, *Moore v. Eagle Sanitation, Inc.*, _ F.R.D. _, 2011 WL 2784239, at *5 (E.D.N.Y. July 18, 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 132 (E.D.N.Y. 2011); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009). Accordingly, the defendants are hereby directed to produce all available contact information for individuals within the definition of the FLSA collective action no later than November 7, 2011.

Plaintiff shall promptly serve a copy of this Order on all defendants at their last known addresses, and to file proof of service with the Court.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
October 24, 2011

U:\eoc 2011\cortes 216b.docx

---

[5] After the time for opting in has expired, plaintiff shall amend his complaint to include all individuals who have consented to joining the FLSA action and the amended complaint shall be served upon the defendants. *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 133 (E.D.N.Y. 2011).