# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
58 South Service Road
Suite 410
Melville, New York 11747
Tel 631 247-0404
Fax 631 247-0417
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MILWAUKEE, WI | PORTLAND, OR |
| ALBUQUERQUE, NM | GREENVILLE, SC | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| ATLANTA, GA | HARTFORD, CT | MORRISTOWN, NJ | PROVIDENCE, RI |
| BALTIMORE, MD | HOUSTON, TX | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | NEW YORK, NY | RICHMOND, VA |
| BOSTON, MA | JACKSONVILLE, FL | NORFOLK, VA | SACRAMENTO, CA |
| CHICAGO, IL | LAS VEGAS, NV | OMAHA, NE | SAN DIEGO, CA |
| CINCINNATI, OH | LONG ISLAND, NY | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CLEVELAND, OH | LOS ANGELES, CA | ORLANDO, FL | SEATTLE, WA |
| DALLAS, TX | MEMPHIS, TN | PHILADELPHIA, PA | STAMFORD, CT |
| DENVER, CO | MIAMI, FL | PHOENIX, AZ | WASHINGTON, DC REGION |
| | | PITTSBURGH, PA | WHITE PLAINS, NY |

DIRECT DIAL: (631) 247-4661
EMAIL ADDRESS: TRIPPN@JACKSONLEWIS.COM

January 6, 2012

**VIA ECF**

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Michael A. Cortes, Individually and on Behalf of All Other Past and Present Similarly Situated Employees v. Astoria NY Holdings LLC, et al.*
Civil Action No.: 11-CV-03062

Dear Magistrate Judge Gold:

As counsel for Defendants, we are submitting herewith, for the Court's approval, the Stipulation of the parties setting forth the proposed mechanics for dissemination of collective action notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), in the form instructed by the Court (Dkt. 24). *See* Exhibit A. While the parties have agreed to the material terms set forth in the Stipulation, a dispute remains concerning the production of telephone numbers for putative collective action members. The parties' respective positions are set forth below. The parties await the Court's instruction in this regard, as well as Court approval of the terms of the Stipulation.

**Plaintiffs' Position**

As a preliminary matter, the Defendants request to modify this Court's order to delete the production of the telephone numbers should be barred by the doctrine of law of the case. On October 24, 2011 this Court issued an Order granting Plaintiff's motion for conditional certification and further ordering the Defendants to produce "all available contact information for individuals within the definition of the FLSA collective action no later than November 7, 2011." Plaintiff's underlying motion papers explicitly requested and presented arguments for the production of telephone numbers of similarly situated employees. The motion went unopposed and was made when the Defendants were already well in default. After the motion was submitted, the Court directed a telephone conference, and my office called the Defendants that morning to advise them. They advised that someone would be calling my office at 2:00 PM, and we advised that we would patch them in on the call. No one called, making this particular aspect of the default willful. Only recently did the Defendants decide to participate in this action.



"Under the law of the case doctrine, this court adheres "to its own decision at an earlier stage of the litigation" unless there are "cogent" or "compelling" reasons not to, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."" *Sanders v. Sullivan*, 900 F.2d 601, 605 (2d Cir. 1990) rev'd on other grounds. Here, the Defendants have not and cannot present any such reason for the Court to reverse its Order.

Aside from this point, recent case law suggests that it is the trend in this circuit in wage and hour cases to provide all available contact information including telephone numbers at the preliminary certification stage and even at pre-certification stage.  See *Ruiz v. Citibank, N.A.*, 10 Civ. 5950, 2011 U.S. Dist. LEXIS 744 (S.D.N.Y. Jan. 4, 2011); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 09 Civ. 1148, 2010 U.S. Dist. LEXIS 58460 (S.D.N.Y. June 14, 2010); *Capsolas v. Pasta Res., Inc.*, 10 Civ. 5595, 2011 U.S. Dist. LEXIS 49926 (S.D.N.Y. May 9, 2011); *Rosario v. Valentine Ave. Disc. Store, Co.*, 10 CV 5255, 2011 U.S. Dist. LEXIS 126634 (E.D.N.Y. Nov. 2, 2011).

In support of their position the defendants rely on two district court cases that have yet to be followed in this circuit.  The defendants' reliance on these cases is inapposite as they do not reflect the trend in this circuit and they are otherwise distinguishable. *Summa v. Hofstra Univ.*, CV 07-3307, 2008 U.S. Dist. LEXIS 62591 (E.D.N.Y. Aug. 14, 2008); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200 (N.D.N.Y 2009).  In *Summa*, the plaintiffs were requesting "names, addresses, e-mail addresses, Social Security numbers, and dates of employment of each person employed by Hofstra as an Undergraduate or Graduate Assistant during the last six years." *Summa*, CV 07-3307, 2008 U.S. Dist. LEXIS 62591 * 18.  The plaintiffs in Colozzi made a similar request. *Colozzi*, 595 F. Supp. 2d at 210. The Court in *Summa* suggested that there was no justification for all of this information and limited discovery to putative class members' names and addresses. *Summa*, CV 07-3307, 2008 U.S. Dist. LEXIS 62591 * 18.  The Court in *Colozzi* felt that under the circumstances of the case there was no need to present some of the inherently private information sought. *Colozzi*, 595 F. Supp. 2d at 210.

Here, unlike *Summa* and *Colozzi*, the plaintiff is not seeking the discovery of such extensive personal information-plaintiff here is only seek telephone numbers.  Additionally, here, there is justification to produce such information in light of the evasive and uncooperative behavior evidenced by the Defendants in this action.  Providing telephone numbers will provide an assurance as to the efficacy and propriety of the administration of the notice process.

The Defendants intimation that the production of telephone will mislead or result in unwanted, improper communications is completely conjectural and devoid of any factual basis.  Such conclusory arguments have been rejected.  See *Ruiz v. Citibank, N.A.*, 10 Civ. 5950, 2011 U.S. Dist. LEXIS 744 at *2.

**Defendants' Position**

       1.      **Dissemination of Notice Via First Class Mail Is the "Best Notice Practicable"**

Historically, in all types of class and collective actions, "first class mailing has been utilized because it provides a controlled method by which individual notification can be provided through a reliable process which ensures that proper notice is received by the potential class members." *Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. Oct. 20, 2009) *quoting Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 91 (E.D.N.Y. 2007).  In *Hinterberger*, the Court reviewed the



FLSA plaintiffs' counsel's request to disseminate supplemental forms of notice, rejecting them all as potentially misleading or premature and concluding that "first class mail is the best notice practicable." *Id.* (internal quotations omitted). By issuance of a single, clear notice, any possibility of misleading, unwanted or improper communication with potential claimants is avoided.

### 2. No Proper Basis Exists for Provision of Telephone Numbers

Putative plaintiffs will receive the notice via first class mail. Individuals wishing to join this action can review this Court-approved communication, and determine for themselves whether to contact Plaintiffs' counsel. If they have questions, the Notice provides contact information for Plaintiffs' counsel. Requests for assistance should be initiated by putative claimants. That protocol avoids potentially misleading, unwanted or improper communications. Unless a true communication problem exists, there is no proper basis for production of telephone numbers, which could be used to disseminate communications outside of (and potentially inconsistent with) the Court-approved notice. In conditionally certifying collective actions, courts in this District and elsewhere in New York have rejected similar such requests. *Summa v. Hofstra Univ.*, 2008 U.S. Dist. LEXIS 62591, 18-19 (E.D.N.Y. Aug. 14, 2008)("Plaintiff provides no justification regarding her request for additional information [including phone numbers]"); *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 210 (N.D.N.Y 2009)("plaintiffs have no need for the additional, inherently private information sought, including . . . telephone numbers").

\* \* \* \* \* \* \* \*

The parties look forward to discussing this issue further with the Court.

Respectfully submitted,

JACKSON LEWIS LLP

Noel P. Tripp

NPT:dc
cc:   William Cafaro, Esq. (via ECF)

4852-0269-4670, v. 1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MICHAEL A. CORTES, Individually and on Behalf of All Other Past and Present Similarly Situated Employees,

    Plaintiffs,

-against-

ASTORIA NY HOLDINGS LLC d/b/a U – SAVE CAR & TRUCK RENTAL LGA et al.,

    Defendants.

---

11-CV-3062

Johnson, J.
Gold, M.J.

## STIPULATION

WHEREAS Plaintiff Michael Cortes ("Plaintiff") filed this action on or around June 27, 2011; and,

WHEREAS Defendants contest the adequacy of service of the Complaint in this matter; and,

WHEREAS Defendants intend to present a bona fide defense to the claims asserted herein; and

WHEREAS the Court, by Order dated October 24, 2011 ("Order"), directed Defendants to provide Plaintiffs' counsel with contact information of certain employees for the purposes of dissemination of collective action notice under the Fair Labor Standards Act, 29 U.S.C. § 216(b) and to do so on or before December 15, 2011,

IT IS NOW THEREFORE AGREED:

1. Defendants are deemed to have accepted service of process and to have appeared in this action by and through their counsel, Jackson Lewis LLP;

2. Plaintiffs consent that Defendants may file an Answer to the Complaint. Defendants' obligation to answer the Complaint in this matter is stayed, pending further order of

this Court.

3. On or before January 16, 2012, Defendants shall comply with the Order aforesaid with respect to providing contact information for the employees identified therein employed since October 17, 2008, but will not provide telephone numbers. Instead, contemporaneous with the submission of this Stipulation, Defendants shall move by letter for modification of the Order to exclude the telephone numbers from the information which must be provided. Plaintiffs do not consent to any modification of the Order except as specifically provided herein, and shall set forth their opposition thereto in the letter to be submitted jointly.

4. Individuals receiving the Court-ordered notice pursuant to this Stipulated notice shall have sixty (60) days from the date of mailing of the Notice to file an opt-in form to join this action. The rights of those individuals accepting remuneration in connection with the United States Department of Labor audit of Defendant Astoria NY Holdings LLC commenced in 2011 shall be subject to existing law.

5. Following the close of the sixty (60) day window to file opt-in forms, the parties shall submit a joint status letter, which shall advise whether a settlement conference would be beneficial.

Dated: January 5, 2012   By: _____
WILLIAM CAFARO, ESQ.
LAW OFFICES OF WILLIAM CAFARO
19 West 44th Street, Ste. 1500
New York, NY 10036
*Attorneys for Plaintiff*

Dated: January 6, 2012   By: _____
NOEL TRIPP, ESQ.
JACKSON LEWIS LLP
58 S. Service Road, Suite 410
Melville, New York 11747

(631) 247-0404
*Attorneys for Defendants*

SO ORDERED THIS _____
DAY OF _____, 2012.

_____
United States Magistrate Judge