# JOSEPH J. HASPEL PLLC

## ATTORNEY AT LAW

JOSEPH J. HASPEL

OF COUNSEL:
MARY LOU CHATTERTON
NEIL I. JACOBS

1 WEST MAIN STREET
GOSHEN, NEW YORK  10924
(845) 694-4409
(866) 857-1340 (FAX)
(845) 313-6068 (CELL)
JHASPEL@HASPELLAW.NET

NEW JERSEY OFFICE
111 GRAND STREET
SUITE 218
PALISADES PARK, NJ 07650
201-461-2488

May 20, 2013

The Honorable Steven M. Gold, U.S.M.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East,
Chambers 1217
Brooklyn, NY 11201-1832

      Re:    Cortes, et al v. Astoria NY Holdings LLC et al
              12-CV-3062 (MKB) (SMG)

Dear Judge Gold:

      Please be advised that today, I was retained by Defendants in the above-referenced matter.  Although I am still in the infant stage of reviewing the matter, my review of the docket reveals that Judge Brodie recently (May 16, 2013) referred to you a Motion for Default Judgment.  I write this letter pursuant to your Honor's rules requiring a pre-motion conference as we wish to move to vacate any default

      This request is being made prior to the entry of any judgment.  It is well settled that the standard for vacating the entry of a default prior to the entry of a default judgment is "lenient." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir.1993), *citing Meehan v Snow*, 652 F2d 274, 277 (2d Cir 1981).  Indeed, the standard for vacating a default pursuant to Rule 55(c) is more relaxed than the standard for relief from a judgment or Order under Rule 60(b). *In re TexStyle, LLC*, 2012 WL 1345646 (Bankr. S.D.N.Y. Apr. 17, 2012); *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72 (E.D.N.Y. 2010); *Floors-N-More, Inc. v. Liquidators*, 142 F.Supp.2d 496 (S.D.N.Y. 2001).

      The Second Circuit's preference has often stated its preference for resolving disputes on the merits, and default judgments are generally disfavored. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir.1993). The Second Circuit has established three criteria to determine whether in balance "good cause" exists for vacating a default: (1) whether the default was willful; (2) whether setting aside the default prejudices the adversary; (3) whether defendant has a meritorious defense.

As to willfulness, the first element, a finding of willfulness is appropriate where "there is evidence of bad faith" or the default arose from "egregious or deliberate conduct." *Holland v. James*, No. 05–CV–5346, 2008 WL 3884354, at 2 (S.D.N.Y. 2008) (*quoting Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir.1996)). Courts should "resolve any doubt about [the Defendants'] willfulness in [their] favor." *Raheim v. New York City Health and Hosps. Corp.*, No. 96–CV–1045, 2007 WL 2363010, at 3 (E.D.N.Y. Aug. 14, 2007) (*citing Enron*, 10 F.3d at 98). "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Meehan*, 652 F.2d at 277; *see also Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 319 (2d Cir.1986) ("[D]istrict courts regularly exercise their discretion to deny technically valid motions for default."). Here, the Defendants did answer to Plaintiffs' Second Amended Complaint, which denies the salient allegations and set forth many affirmative defenses. However, they failed to answer the Third Amended Complaint, which is largely similar to the Second Amended Complaint. Based upon my conversations with the client, it appears that the individual who was delegated the responsibility of monitoring the case, Aryeh Einhorn, was abusing drugs and misleading his co-defendants by stating that the attorneys were on top of the matter. This is so notwithstanding the fact that they were unrepresented at the time. Aryeh Einhorn is now on leave from the company any under a physician's care for rehabilitation.

As it appears from the docket that the Clerk's entry of default was made only a few weeks ago, it is respectfully submitted that there can be no claim of prejudice.

As noted above Defendants' answer to the Second Amended Complaint sets forth multiple affirmative defenses. Regardless, assuming *arguendo* that there is merit to the underlying claim of failure to pay overtime, the case will still require an accounting of the overtime hours based upon the records of the corporation. It is respectfully submitted that to achieve a just result, a proper review of these records is required.

With respect to defendant Daniel Baratau, there are additional defenses since he did not participate in any aspect of payroll. And, defendant Joshua Einhorn did not participate in the hiring or firing of employees.

Based upon these facts, it is respectfully submitted that Defendants motion to vacate the Clerk's entry of default under the lenient standards of FRCP Rule 55 is meritorious. Accordingly, we respectfully request a pre-motion conference on the issue. In addition, it is respectfully requested that this Court defer entertaining the motion for the entry of a default judgment until such time as the motion to vacate is resolved.

Very truly yours

Joseph J. Haspel

Cc: William Cafaro, Esq.
Joshua Einhorn